IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**ANGEL L. DIAZ-COLON,**

**Plaintiff,**

**v.**  Civil No. 11-1933 (GAG)

**HECTOR DIAZ, et al.,**

**Defendants.**

## OPINION AND ORDER

Angel Diaz-Colon ("Plaintiff") brought this case against Hector Diaz, Emilio Diaz-Colon, Laiza Vazquez, Carlos Ortiz-Cordero, and several John Does labeled in the complaint as "Individuals A through J" (collectively "Defendants"). For the following reasons, the court **DISMISSES** this case pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).

### I. Timeline of Events

Plaintiff filed his complaint on September 22, 2011. (Docket No. 1.) On September 23, 2011, the court denied Plaintiff's motion to file *in forma pauperis* and, citing the Eleventh Amendment, dismissed Defendants in their official capacities, requiring Plaintiff to serve Defendants in their personal capacities. (Docket Nos. 3-4.) On October 12, 2011, Plaintiff again sought leave to file *in forma pauperis*, which the court granted on October 13, 2011. (Docket Nos. 6-7.) Five hundred and fifty-four days elapsed between the second motion to file *in forma pauperis* and the next party-initiated action. On April 16, 2013, the court ordered Plaintiff to show cause as to why the court should not dismiss this case, and Plaintiff responded on April 19, 2013. (See Docket Nos. 7-8.)

### II. Federal Rule of Civil Procedure Rule 4(m)

Rule 4(m) states:

**Civil No. 11-1933 (GAG)**

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). Plaintiff filed his complaint on September 22, 2011, and Defendants have yet to receive notice of the action. On September 23, 2011, the court urged Plaintiff, in highlighted, bold, and underlined text, to serve Defendants in their personal capacity. (See Docket No. 4.) Plaintiff subsequently filed a motion to proceed *in forma pauperis*, indicating an ability to navigate CM/ECF and view the court's admonishment through electronic notice. Furthermore, the court notified Plaintiff of its concern for Plaintiff's failure to prosecute his claim on April 16, 2013, calling to Plaintiff's attention the "fetal stage" of this case. See FED. R. CIV. P. 4(m) (requiring notification); see also Docket No. 7. Although the court must extend the time for service if Plaintiff demonstrates good cause, the court dismisses this case because Plaintiff's excuses do not constitute "good cause" and 554 days of inactivity is an inexcusable delay. See FED. R. CIV. P. 4(m).

Plaintiff requested an extension of time to serve Defendants and summarized his reasons for the delay: "the undersigned attorney was under the impression that the summons in the present case had been issued and were served . . . [Secondly, a]s a solo practitioner with limited resources, defending Plaintiff [in an ongoing state criminal case] became a top priority. Understandably, none of these reasons justify Plaintiff's lack of prosecution . . . ." (Docket No. 8 ¶ 15.)

The court agrees with and accepts Plaintiff's admission that these reasons do not justify Plaintiff's lack of prosecution. (Id.) Why Mr. Velazquez-Torres, Plaintiff's attorney, believed the summons had been served remains a mystery. He claims that "the summons in the present case were not issued, due to this Court's order dismissing the causes of action filed by Plaintiff against Defendants in their personal capacity." (Docket No. 8 ¶ 3.) However, this court dismissed Plaintiff's original causes of action against *official-capacity* Defendants because of Eleventh Amendment immunity. Mr. Velazquez-Torres also argues that he believed "the summons had been issued and were served." (Docket No. 8 ¶ 15.) Nothing substantiates that misplaced belief.

2

**Civil No. 11-1933 (GAG)**

Mr. Velazquez-Torres next argues that he needed to focus his attention on Plaintiff's criminal case in Puerto Rico state court. (Docket No. 8 ¶ 15.) Mr. Velazquez-Torres should have informed the court rather than waiting over 500 days for an invitation. He is admitted to practice before this court and should know better. Keeping the court in the dark for this long is inexcusable. He only hurts his client's opportunity for redress by derelictly attending to this case. Claiming, "I'm a solo practitioner with limited resources" offends solo practitioners with multiple commitments who file timely requests for extensions of time. Consequently, this court expends time and resources discussing why it dismisses the case for an attorney who, by his own admission, failed to pay attention to the status of his case.

Finding that Defendants still have not been served and that no good cause for the failure to serve process in a timely manner exists, the court **DISMISSES** this case for Plaintiff's violation of Federal Rule of Civil Procedure 4(m).

**III.     Federal Rule of Civil Procedure 41(b)**

The court also dismisses this case for Plaintiff's failure to prosecute his claims. "If the plaintiff fails to prosecute . . . a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Before discussing why dismissal is proper, the court clarifies two points regarding Rule 41(b). First, Rule 41(b) states, in relevant part, "*a defendant* may move to dismiss the action . . . ." FED. R. CIV. P. 41(b) (emphasis added). Lest Plaintiff contends the court improperly ordered dismissal *sua sponte*, district court judges inherently hold the authority to regulate their dockets and First Circuit precedent permits district court judges to rely upon Rule 41(b) when considering whether to involuntarily dismiss a case. See Garcia-Perez v. Hosp. Metropolitano, 597 F.3d 6, 7 (1st Cir. 2010); see also Link v. Wabash R.R. Co., 370 U.S. 626, 629-33 (1962). Secondly, the court clarifies that this dismissal is not an adjudication on the merits. See FED. R. CIV. P. 41(b).

A district court must balance its "venerable authority over case management with the larger concerns of justice, including the strong presumption in favor of deciding cases on the merits."

**Civil No. 11-1933 (GAG)**

Malot v. Dorado Beach Cottages, 478 F.3d 40, 43 (1st Cir. 2007). Indeed, dismissal with prejudice is the most severe penalty. See Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 4 (1st Cir. 2006). The court only involuntarily dismisses a case for egregious conduct, as measured by "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness *vel non* of the misconduct, mitigating excuses, prejudice to the other side and to the operation of the court, and the adequacy of lesser sanctions," as well as any other relevant factors. Robson v. Hallenbeck, 81 F.3d 1, 2-3 (1st Cir. 1996). The court thus grapples with the Robson factors.

### A.   Severity of the Violation

Counsel failed to timely serve process and to act on his client's behalf for over 500 days. Counsel, quite simply, neglected to advocate for his client. Counsel's representation is not only ineffective, but nonexistent. The court finds this "extremely protracted inaction (measured in years)" violates Rule 41(b) and the district court's inherent power to regulate its docket.[1] Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987).

### B.   Legitimacy of Excuses, Mitigation of Excuses, and Prejudice to the Other Side

Counsel complied with the court's show-cause order, but his justification for delay is insufficient. Counsel's two excuses, that he first thought process had been served or that the court's partial dismissal alleviated the need for process, and, second, that he is a solo practitioner, reveal a lack of attention to his client's needs and commitments in federal court. These two excuses do not

---

[1] See Chamorro v. Puerto Rican Cars, 304 F.3d 1, 6 (1st Cir. 2002) ("The effective administration of justice requires that trial courts possess the capability to manage their own affairs."); Pinto v. Universidad de Puerto Rico, 895 F.2d 18, 19 (1st Cir. 1990) ("The court has no obligation to play nursemaid to indifferent parties."); Sonera v. Mayor, Civil No. 09-1005, 2011 U.S. Dist. LEXIS 73346, at *2 (D.P.R. July 7, 2011) (finding one year of inactivity, combined with other factors, sufficient to invoke Rule 41(b)); Robledo-Rivera v. Cartagena, 233 F.R.D. 236, 237-38 (D.P.R. 2005) ("It is well known that the Court cannot sit idly waiting for plaintiff to litigate its case at its pleasure."); Fabregas v. I.T.T. Intermedia, 13 F. Supp. 2d 225, 229 (D.P.R. 1998) (involuntarily dismissing for failure to prosecute diligently when plaintiff offended Rule 4(m)); Jardines Ltd. P'ship v. Exec. Homesearch Realty Serv., Inc., 178 F.R.D. 365 (D.P.R. 1998) (holding courts have authority to "dismiss a case . . . for want of prosecution in order to prevent undue delay in the disposition of pending cases, docket congestion and the possibility of harassment of defendant.").

**Civil No. 11-1933 (GAG)**

excuse over 500 days of delay.

   C. <u>Repetition of Violations and Deliberate Misconduct</u>

  Counsel has not repeatedly violated any court orders. This is the first instance. Furthermore, nothing indicates that counsel deliberately withheld service of process. To his credit, when confronted with the show cause order, he was forthright with the court and took responsibility for his (in)action.

   D. <u>Adequacy of Lesser Sanctions</u>

  The court could sanction counsel in several ways, including a warning, formal reprimand, a fine, imposition of costs or fees, temporary suspension, and dismissal. The court already warned Plaintiff to serve Defendants in their personal capacity. Fining counsel or imposing costs and fees seems counterproductive. He claims his limited resources prohibited him from pursuing this action in the first place. (Docket No. 8 ¶ 15.) The court simply notes that counsel has failed his client in this matter.

   E. <u>Other Relevant Factors</u>

  Plaintiff filed two motions to proceed *in forma pauperis*, indicating that he likely suffers from economic hardship. This factor, above all others, nearly compels the court to extend time to serve process. Plaintiff ostensibly suffered injuries that will make his life extremely difficult for the remainder of his days. His lawyer should have fought for him, regardless of the potential outcome. If he had a meritorious claim, that is even sadder. The court, however, cannot bear the burden of bad lawyering and notes that a client is bound by the mistakes of his chosen counsel. <u>See</u> <u>Chestnut v. City of Lowell</u>, 305 F.3d 18, 26 (1st Cir. 2002). Every attorney knows that process must be served, and every attorney knows that a 500-day delay is unacceptable, including Mr. Velazquez-Torres. (<u>See</u> Docket No. 8 ¶ 15.)

**IV. Conclusion**

  For the aforementioned reasons, the court **DISMISSES** this case with prejudice pursuant to Rule 41(b).

**Civil No. 11-1933 (GAG)**

**SO ORDERED.**

In San Juan, Puerto Rico this 24th day of April, 2013.

/S/ Gustavo A. Gelpí

GUSTAVO A. GELPI

United States District Judge